OPINION
{¶ 1} Appellant, Donald Robar, appeals from the judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, granting appellee, Clyde Trowbridge ("Trowbridge"), legal custody of Brittiney and Daniel Trowbridge. For the following reasons, we reverse and remand
 {¶ 2} Brittiney Trowbridge was born on September 7, 1991, to Darlene Robar and Trowbridge. Daniel Trowbridge, Brittiney's half-brother, was born on August 21, 1992, to Darlene Robar and Jimmy Stafford.
 {¶ 3} On April 10, 2000, Franklin County Children's Services ("FCCS") removed Brittiney and Daniel from their mother's home in response to allegations that Ms. Robar and Mrs. Robar's boyfriend sexually molested Brittiney. Upon learning that FCCS had removed the children from their mother's home, appellant, who is Mrs. Robar's uncle, moved for temporary custody of the children.
 {¶ 4} After a hearing, the magistrate found that both Brittiney and Daniel were dependant children pursuant to R.C.2151.04(C), and she placed the children in the temporary custody of appellant. Additionally, the magistrate granted Trowbridge visitation with Brittiney. On June 19, 2000, the juvenile court adopted the magistrate's decisions.
 {¶ 5} Over a year after appellant was granted temporary custody of the children, he moved for legal custody of Brittiney and Daniel. At a dispositional hearing on the motion, Trowbridge testified that he also wanted custody of the children.
 {¶ 6} On January 13, 2003, the magistrate issued two identical decisions, one pertaining to Brittiney and one to Daniel, in which the magistrate denied appellant's motion and awarded Trowbridge legal custody of the children. In the decisions, which the juvenile court adopted, the magistrate stated:
Although the applicable standard in all juvenile custody proceedings is the best interests of the children, the Ohio Courts have consistently determined that in custody disputes between a parent and a non-parent, the Court may not award custody to a non-parent if there is a suitable parent. * * *
* * * Mr. Robar has not shown by a preponderance of the evidence that Mr. Trowbridge is an unsuitable parent. Given the close bond between Brittiney, Mr. Trowbridge's biological daughter, and Daniel, Mr. Trowbridge's step child, the Magistrate finds it is in the best interest of Daniel and Brittiney for them to remain together.
 {¶ 7} Both Donald and Darlene Robar objected to the magistrate's decisions, but the juvenile court upheld the magistrate's rulings. In so doing, the court reiterated the magistrate's finding that "no evidence was presented to support that the great uncle, Donald Robar, would be suited to care for the minor child, Brittiney Trowbridge, as opposed to her biological father, Clyde Trowbridge." Because the court concluded that the children should remain together, it granted Trowbridge legal custody of both children. Appellant then appealed to this court.
 {¶ 8} On appeal, appellant assigns the following errors:
[1.] The trial court erroneously applied In re Perales in determining rival custody motions by a parent and nonparent.
[2.] The trial court's award of custody to appellee was not supported by the evidence.
 {¶ 9} By his first assignment of error, appellant argues that the juvenile court applied the wrong standard in determining who should receive custody of Brittiney and Daniel. We agree.
 {¶ 10} Once a child is adjudicated abused, neglected, or dependant, a juvenile court may award legal custody of the child to any parent or person who files a motion requesting legal custody. R.C. 2151.353(A)(3). In determining whether to grant legal custody to the parent or movant, the "court shall comply with section R.C. 2151.42 of the Revised Code." R.C.2151.353(E)(2). See, also, R.C. 2151.417(B). R.C. 2151.42(A) requires the juvenile court to consider the best interest of the child in making the custody determination. See In re Rowe,
Franklin App. No. 03AP-111, 2003-Ohio-6062, at ¶ 8; In reBradford, Franklin App. No. 01AP-1151, 2002-Ohio-4013, at ¶ 29.
 {¶ 11} However, in awarding custody of Brittiney and Daniel to Trowbridge, the juvenile court followed In re Perales
(1977), 52 Ohio St.2d 89, not the foregoing statutory scheme. InPerales, the Supreme Court of Ohio was presented with a private custody dispute between a mother and a nonparent who had raised the child since birth. The mother argued that the best interest test of custody was not the appropriate standard to determine custody given that she, as a suitable parent, had a paramount right to custody. In agreeing with the mother, the Supreme Court of Ohio held:
In an R.C. 2151.23(A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability — that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child.
Id. at syllabus. Thus, when a juvenile court has jurisdiction over a custody dispute pursuant to R.C. 2151.23(A)(2), and the dispute is between a parent and a nonparent, the focus is on the suitability of the parent, not the best interest of the child.
 {¶ 12} Like Perales, the case at bar involves, in part, a custody dispute between a parent (Trowbridge) and a non-parent (appellant). However, unlike Perales, the case at bar arose from a complaint filed by FCCS alleging that Brittiney and Daniel were dependent children, not from a private custody dispute. Although the juvenile court has jurisdiction over both private custody cases and cases initiated by children's services agencies, its jurisdiction over the former is based on R.C.2151.23(A)(2), and the latter on R.C. 2151.23(A)(1). As the case at bar arose from a FCCS complaint, the juvenile court was vested with jurisdiction over this matter via R.C. 2151.23(A)(1), not R.C. 2151.23(A)(2). Thus, because the holding in Perales was limited to custody proceedings filed pursuant to R.C.2151.23(A)(2), Perales is not applicable to this case. Accordingly, the statutory "best interest of the child" standard, not the Perales parental suitability standard, governs this custody dispute.
 {¶ 13} In concluding that Perales does not apply here, we are mindful that the right of a parent to raise his or her child is a "natural right subject to the protection of due process."In re Perales, supra, at 96, fn 9, citing Meyer v. Nebraska
(1923), 262 U.S. 390, 43 S.Ct. 625. Consistent with this right, parents are normally entitled to custody of their children unless they relinquish it by contract, forfeit it by abandonment or lose it by being unable or unwilling to provide necessary care and support. In re Perales, at 97, citing Clark v. Bayer (1877),32 Ohio St. 299. Arguably, this fundamental principle also should apply even in an R.C. 2151.23(A)(1) custody dispute where the custody determination is based upon the best interest of the child. However, in an R.C. 2151.23(A)(1) context, there has already been a determination of dependency. As we recognized inIn re Gales, Franklin App. No. 03AP-445, 2003-Ohio-6309, at ¶ 9, "[a]lthough dependency does not involve fault, an adjudication that a child is dependant necessarily encompasses a consideration of parental fitness."
 {¶ 14} Under R.C. 2151.04(C), a dependant child is defined as one "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship." A parent is unsuitable if an award of custody to the parent would be detrimental to the child. Perales, supra, at syllabus. A determination that the child's condition or environment is harmful necessarily means that the parent's custody is detrimental to the child. Gales, supra, at ¶ 9. Accordingly, when there has been a dependency determination there has already been to some degree a finding of parental unsuitability and a juvenile court is not required to make another, separate finding of parental unsuitability when determining a dependant child's disposition. Id.
 {¶ 15} Additionally, we note that several other appellate courts have distinguished Perales as we have here and have held that a juvenile court need not make a separate finding of parental unsuitability once a child is adjudicated an abused, neglected, or dependent child. In re T.W., Summit App. No. 21594, 2003-Ohio-7185, at ¶ 12-16; In re Osberry, Allen App. No. 1-03-26, 2003-Ohio-5462, at ¶ 8-9; In re Reeher, Belmont App. No. 02-BE-38, 2003-Ohio-3470, at ¶ 7-41; In re C.F.,
Cuyahoga App. No. 82107, 2003-Ohio-3260, at ¶ 14-16; In reD.R., 153 Ohio App.3d 156, 2003-Ohio-2852, at ¶ 8-17.
 {¶ 16} Because a parent's fundamental right to raise his or her child has already been compromised by a dependency determination, a court must apply the best interest of the child standard without placing the additional burden on the nonparent to prove parental unsuitability. Under these circumstances, there is a level playing field and a court must focus solely on what is in the best interest of the child. Here, the juvenile court erroneously required appellant to prove by a preponderance of the evidence that Trowbridge was an unsuitable parent. As neither the magistrate nor the court engaged in a best interest of the child analysis to determine with whom the children should be placed, we sustain appellant's first assignment of error.
 {¶ 17} Based upon our disposition of appellant's first assignment of error, appellant's second assignment of error is moot.
 {¶ 18} Finally, we note that the juvenile court may not have had the authority to award custody of Daniel to Trowbridge under these circumstances. As we stated above, a juvenile court may award legal custody of a child "to either parent or any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child." R.C. 2151.353(A)(3). Trowbridge is not Daniel's parent, and our review of the record does not reveal that Trowbridge made a motion requesting custody prior to the dispositional hearing. Aside from this observation, we decline to review this issue but, rather, leave it for the juvenile court to resolve on remand
 {¶ 19} For the foregoing reasons, appellant's first assignment of error is sustained, and his second assignment of error is moot. The judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, are reversed, and these causes are remanded to that court in accordance with law consistent with this opinion.
Judgments reversed and causes remanded.
Bryant and Brown, JJ., concur.